## 388   401 East 72nd St. Realty Co., Inc., v. Ebling Realty Co.

First Department, January, 1928.                    [Vol. 222

---

## 401 East 72nd St. Realty Co., Inc., Respondent, v. Ebling Realty Company, Appellant.

First Department, January 13, 1928.

**Vendor and purchaser — marketable title — action by vendee to recover down payment — unmarketability based on encroachment of stoop and areas on street — contract excepted said encroachments — plaintiff cannot recover.**

The contract to purchase certain real property entered into by the parties provided that the conveyance would be made " subject to encroachments of stoop, areas and cellar steps or appurtenances thereto on street." That provision was interlined in the contract and was followed by a provision that the property would be conveyed " subject also to any state of facts an accurate survey of said premises may disclose that does not render the title unmarketable." The provision last quoted does not apply to the provision relating to encroachment of stoop, areas and cellar steps, and, therefore, the plaintiff agreed to take the property subject to such encroachments and cannot recover the down payment on the theory that the title is unmarketable.

Appeal by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 25th day of March, 1927.

*Abraham Grometstein* of counsel [*Dulon & Roe,* attorneys], for the appellant.

*Charles A. Winter* of counsel [*Hartman, Sheridan & Tekulsky,* attorneys], for the respondent.

Proskauer, J.  The plaintiff seeks to recover the down payment made upon a contract to purchase real estate from the defendant, on the ground that the defendant did not tender a marketable title.  The only defect was that the cellar steps and areas encroached upon the street in front of the premises.  The contract provision is as follows: " Said premises shall be conveyed subject to the terms of tenants now in occupation of said premises, all of whom are monthly or statutory tenants, excepting those holding leases named below, *and subject to encroachments of stoop, areas*

*and cellar steps or appurtenances thereto on street* and subject also to any state of facts an accurate survey of said premises may disclose that does not render the title unmarketable."

The contract thus expressly required the vendee to take title subject to these encroachments. The italicized phrase was interlined. This interlineation does not disclose an intent to have the clause " that does not render the title unmarketable " modify the phrase " subject to encroachments of stoop, areas and cellar steps or appurtenances thereto on street." The singular verb " does " indicates a singular subject; its subject " that " must refer to the phrase " state of facts," its only possible singular antecedent. This conclusion is reinforced by the circumstance that the word " does " originally read " do " and was obviously changed to " does." The scrivener thus made indubitably evident that the clause " that does not render the title unmarketable " related only to the phrase " to any state of facts an accurate survey of said premises may disclose," and not at all to the clause " subject to encroachments of stoop, areas and cellar steps or appurtenances thereto on street." These interlineations do not make the contract ambiguous.

For these reasons the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

DOWLING, P. J., FINCH and McAVOY, JJ., concur; MERRELL, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.